IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br> **MICHAEL SCOTT LUSTER and JENNIFER ATCHISON LUSTER,** <br><br> Debtors. | Case No. 19-32203 <br><br> Chapter 7 |

**PURSUANT TO LOCAL RULE 4001-1(b), THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW First Community Bank of Central Alabama ("FCB"), by and through counsel, and moves for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2).

## FACTUAL ALLEGATIONS

1. Debtors Scott and Jennifer Luster ("the Debtors") obtained a home equity line of credit from FCB in the maximum amount of $64,000.00 on September 23, 2011, and in return granted FCB a promissory note ("the HELOC") and a mortgage on real property located at 1235 Bell Lane, Prattville, Alabama 36067 ("the Home"). FCB properly recorded its mortgage on the Home, and a copy is attached as **Exhibit A**.

2. On March 16, 2016, Freedom Logistics, LLC ("Freedom"), a limited liability company previously owned by the Debtors, borrowed $20,000.00 from FCB and granted FCB a

1

promissory note ("the Business Loan") and a security interest in a 2006 Utility Flat Bed 48-foot Trailer, a 2012 Polaris 800 UTV, and a 2011 Club Car Golf Cart (as subsequently modified, "the Business Collateral"). The parties subsequently agreed to substitute a 2013 16-foot by 8-foot World Utility Trailer for the Polaris in the Business Collateral, and the Business Loan was renewed in 2017. Mr. Luster signed the promissory note and security agreement on Freedom's behalf as its managing member, and the Debtors personally guaranteed repayment of the Business Loan. FCB properly perfected its security interest in the Business Collateral by filing UCC financing statements with the Alabama Secretary of State. The Business Loan documents and UCC statements are attached as **Exhibit B**.

3. The Debtors commenced this Chapter 7 bankruptcy on August 5, 2019. (Doc. 1). The Debtors' schedules indicate that they value the Home at $209,006.00, and that the Home is subject to FCB's mortgage and a mortgage held by Mr. Cooper in the amount of $206,873.00. (Doc. 1).

4. On September 16, 2019, the Debtors dissolved Freedom. A copy of the Alabama Secretary of State's webpage for Freedom is attached as **Exhibit C**.

5. At the Debtors' meeting of creditors, they testified that the Business Collateral had been lost or destroyed.

6. On October 30, 2019, the Debtors filed an amended Statement of Intention indicating that they will not reaffirm the HELOC and will surrender the Home. (Doc. 29).

7. According to the affidavit provided by Matt Rogers, FCB's Vice President and Chief Credit Officer, the Debtors currently owe $63,087.20 on the HELOC and are two months in arrears in the total amount of $1,270.48. They currently owe $12,583.74 on the Business Loan and are currently five months in arrears in the total amount of $2,198.05. A copy of the affidavit is attached as **Exhibit D**.

## LEGAL ARGUMENT

8. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the District Court's General Order of Reference of Bankruptcy Matters.

9. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). To the extent this Court would otherwise lack authority to enter a final order, FCB consents to entry of a final order by this Court.

### Lack of Adequate Protection – 11 U.S.C. § 362(d)(1)

10. The Bankruptcy Code permits the Court to grant a party in interest relief from the automatic stay "for cause," which may include the movant's lack of adequate protection in its collateral. 11 U.S.C. § 362(d)(1).

11. FCB asserts that the Bankruptcy Court has cause to grant relief from the automatic stay with respect to the HELOC because the Debtors have indicated they wish to surrender the Home.

12. FCB also asserts that it lacks adequate protection for both the HELOC and the Business Loan. The Debtors have not been making payments on either loan. Moreover, the Debtors have not accounted for the whereabouts of the Business Collateral.

### Lack of Equity in Property Unnecessary to Reorganization – 11 U.S.C. § 362(d)(2)

13. The Bankruptcy Code permits the Court to grant a movant relief from the automatic stay when the debtors lack equity in the movant's collateral, and the collateral is not necessary to an effective reorganization by the debtors. 11 U.S.C. § 362(d)(2).

14. The Debtors have filed Chapter 7 and do not propose reorganization.

15. FCB asserts that the Debtors lack equity in both the Home and the Business Collateral.

WHEREFORE, First Community Bank respectfully requests that this Honorable Court grant it relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) so that it may recover its collateral and provide any other relief as may be just.

Respectfully submitted this 8th day of November, 2019.

/s/ Wm. Wesley Causby

Von G. Memory
ASB-8137-O71V

Wm. Wesley Causby
ASB-9822-G93R

Attorney for Movant First Community Bank of Central Alabama

MEMORY MEMORY & CAUSBY, LLP
P.O. Box 4054
Montgomery, AL 36103-4054
(334) 834-8000
wcausby@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the individuals listed below either electronically or via US Regular Mail, postage prepaid, this the 8th day of November, 2019:

Danielle Greco, Esq.
U.S. Bankruptcy Administrator
One Church Street
Montgomery, Alabama 36104

Carly B. Wilkins, Esq.
Chapter 7 Trustee
560 South McDonough Street, Suite A
Montgomery, Alabama 36104

Bradley A. Hawley, Esq.
The Law Office of Brad Hawley, LLC
830 Peachtree Street
Prattville, Alabama 36066

All other parties who have filed a
notice of appearance in this case.

/s/ Wm. Wesley Causby